**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NORTH DAKOTA**

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| Dezmond Ian Andres, Jr., | ) | Case No. 1:26-cr-003 |
| | ) | |
| Defendant. | ) | |

---

Defendant is charged in an Indictment with the offense conspiracy to distribute and possess with intent to distribute controlled substances. (Doc. No. 2). On June 30, 2026, the court issued an order releasing Defendant on July 2, 2026, to the Prairie Recovery Center ("PRC") subject to several conditions. Among these conditions were the requirements that Defendant fully participate in the PRC's programming and immediately surrender to the custody of the United States Marshal Service ("USMS") should he be terminated from the PRC for any reason. (Doc. No. 71).

On August 12, 2026, the Pretrial Services Office filed a petition for action on Defendant's conditions of pretrial release and a warrant for Defendant's arrest was issued. (Doc. Nos. 80 and 81). The petition alleged that Defendant had failed to surrender to the USMS after he was terminated from the PRC on August 10, 2026, for threats he had been making to other residents. (Id.).

Defendant was arrested on August 12, 2026. (Doc. No. 82). On August 14, 2026, he appeared before the court and was ordered detained pending further hearing on August 18, 2026. (Doc. Nos. 84 and 85). Following the hearing on August 18, 2026, at which Defendant advised that he was not contesting the allegations contained in the petition, the court issued an order revoking Defendant's

pretrial release and remanding him to the custody of the USMS pending trial. (Doc. No. 87).

On motion by Defendant, the court issued an order on September 2, 2026, that added Defendant's name to the waiting list for a residential reentry placement. (Doc. Nos. 90 and 91).

On September 25, 2026, Defendant filed a motion requesting to be released to Providence House on October 16, 2026 so that he can participate in its inpatient treatment program. (Doc. No. 92). He advised that his family will arrange for his transport.

A detention hearing may be reopened "if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f)(2).

The availability of a placement for Defendant at Providence House in mid-October is new information. The court also appreciates that Defendant is very young and could benefit from treatment given his history of substance abuse. The court is nevertheless disinclined to release Defendant to Providence House given his criminal history and demonstrated inability to comply with this court's orders. The initial bond report reflects that Defendant twice reported to the Prairie Recovery Center in 2025 only to walk away before completing treatment and engaged in criminal activity while on release with the State. Additionally, after being released by this court to the PRC, Defendant admittedly made threats to other residents that ultimately resulted in his expulsion from the PRC and he failed to turn himself in as directed. Consequently, this court is not persuaded that the availability of a placement in a third treatment facility rebuts the presumption of detention. Even if Defendant could rebut the presumption of detention, it would remain a factor for consideration and the court would turn to consider the 18 U.S.C. § 3142(g) factors. In so doing the

court would reach the conclusion there are presently no conditions available that will reasonably assure Defendant's appearance at future proceedings and the safety of the community. The court is not persuaded that a Providence House placement can provide sufficient structure, security, and supervision given Defendant's history. Rather, the court finds that the only option at present that can provide the requisite level of supervision and security is a residential reentry placement, which is regrettably unavailable at present.

Defendant's motion for release to Providence House (Doc. No. 92) is **DENIED**. Defendant's name shall remain on the waiting list for a residential reentry placement.

**IT IS SO ORDERED.**

Dated this 2nd day of October, 2026.

*/s/ Clare R. Hochhalter*
Clare R. Hochhalter, Magistrate Judge
United States District Court